IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TREVOR SCOTT FISK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 20-228-E |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) |

O R D E R

AND NOW, this 31st day of August, 2021, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[1]  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

---

[1]  Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request.  Accordingly, the Court will award no costs.  *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

1

would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]   Plaintiff argues that the Administrative Law Judge ("ALJ") erred in formulating his residual functional capacity ("RFC") because he failed to properly analyze the opinion of the consultative examiner in light of the record evidence. The Court disagrees and finds instead that substantial evidence supports the ALJ's decision.

Plaintiff's argument is primarily based on the opinion of consultative examiner Tammy Connell, M.A., that he had several marked limitations, including as to his ability to respond appropriately to normal work situations and to changes in a routine work setting. (R. 213-22). While the ALJ found Ms. Connell's opinion to be persuasive in most regards, he found her opinion regarding Plaintiff's ability to respond appropriately to normal work situations and to changes in a routine work setting to be unpersuasive. (R. 23). In so finding, he explained that this opinion was not consistent with the record as a whole because it was rendered during a period that Plaintiff had stopped taking his medication and that he has demonstrated less serious symptoms when he resumed his medication. He also cited several activities of daily living, such as Plaintiff's ability to take care of his personal hygiene and perform simple housework. (*Id.*). Plaintiff suggests that the ALJ mischaracterized the record and/or "cherry-picked" evidence to support the finding that he showed less serious symptoms when he was more compliant with his medication. He also asserts that it was improper for the ALJ to consider his activities of daily living. The Court finds no merit as to either argument.

First, the Court notes that Plaintiff's argument suggests that the central issue in determining his RFC was a determination as to whether to adopt the consultative examiner's opinion that he had marked limitations in his ability to respond appropriately to normal work situations and to changes in a routine work setting. It is important to remember, though, that this was just one part of the consultative examiner's opinion; indeed, the ALJ largely adopted Ms. Connell's assessment. In addition, Ms. Connell's opinion was merely one part of the record, was not the opinion of a treating medical source, and was not the only opinion in the record. By no means was the ALJ under an obligation to "disprove" the consultative opinion. Rather, he was to consider it, along with the other record evidence, in formulating Plaintiff's RFC and deciding whether he was disabled. That is precisely what he did.

Contrary to Plaintiff's contentions, the ALJ did not mischaracterize the objective medical evidence or selectively consider only evidence that supported his evaluation of Ms. Connell's opinion. There is no dispute that Plaintiff had not been taking his psychotropic medication since May of 2018 when he appeared for his assessment with Ms. Connell on August 9, 2018. (R. 226). In considering Ms. Connell's opinion, which – again – he mostly adopted, the ALJ appropriately noted that the assessment took place after an extended period of medical non-compliance. The ALJ further noted that, after resuming his medication in the Fall of 2018, Plaintiff's mental status examinations were generally unremarkable, that he reported that his racing thoughts had slowed down, that he denied any auditory hallucinations, that he had reported his depression and anxiety as low, and that he had only reported having a "low mood"

once. (R. 23). He also noted the benefits Plaintiff had received from medication management. (R. 22). The court finds this to be an accurate summary of Plaintiff's medical records following his resumption of his medication after his appointment with Ms. Connell.

Plaintiff, though, contends that this is, at best, a selective discussion of the evidence, because it makes no mention of his consistently flat affect and the fact that he reported anger issues, occasional racing thoughts, and occasional suicidal ideation. However, the ALJ did not imply that the treatment records from September of 2018 going forward contained no evidence of any mental health deficiencies; he merely declined to adopt one aspect of Ms. Connell's opinion because the medical records were "generally" unremarkable after he resumed his medication. (R. 22, 23). The few comments and the findings that Plaintiff had a flat affect with some congruence to his mood cited by Plaintiff do not really suggest a different interpretation of these records. It is important to remember that an ALJ need not discuss every relevant treatment note in the record, let alone every aspect of each note, as long as the reviewing court can determine the basis for the decision. *See Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Tisoit v. Barnhart*, 127 Fed. Appx. 572, 575 (3d Cir. 2005). Nothing here suggests that the ALJ did not consider the relevant records in their entirety. *See Rios v. Comm'r of Soc. Sec.*, 444 Fed. Appx. 532, 535 (3d Cir. 2011) (remand not warranted where ALJ was not cherry-picking or ignoring medical assessments that ran counter to her finding).

There was likewise nothing inappropriate in the ALJ considering Plaintiff's activities of daily living in evaluating the severity of Plaintiff's symptoms and limitations. *See* 20 C.F.R. § 416.929(c)(3)(i); *Wright v. Astrue*, No. Civ. 10-942, 2011 WL 4079067, at *3 (W.D. Pa. Sept. 13, 2011). Again, the determination that the ALJ needed to make here was not whether Ms. Connell was correct in her assessment of Plaintiff's ability to respond appropriately to normal work situations and to changes in a routine work setting. He needed to determine Plaintiff's RFC, and he was obligated to consider all of the evidence, including activities of daily living, in making this finding.

It is important to again note that the ALJ did not rely solely on any one factor in evaluating Ms. Connell's opinion or in formulating the RFC. He considered the objective medical records, as he was obliged to. He also considered activities of daily living, which was a proper factor. Furthermore, the ALJ relied on the other medical opinion in the record, that of state reviewing agent Jan Melcher, Ph.D. (R. 55-66), which he found to be persuasive. (R. 22-23). As the Third Circuit Court of Appeals has made clear:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations.  Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" *Brown v. Astrue*, 649 F.3d 193, 197 n. 2 (3d Cir.2011). State agent opinions merit significant consideration as well.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 16) is DENIED and that Defendant's Motion for Summary Judgment (document No. 19) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf:	Counsel of record

---

*Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted in part). While an ALJ must consider the treating relationship between a claimant and an opining doctor, when the medical opinion of a treating source conflicts with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). *See also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). Here, the ALJ largely accounted for both opinions, and in doing so discussed the entirety of the record. Moreover, his characterization of the record was fair and accurate and consistent with the factors set forth at 20 C.F.R. § 416.920c(c).

Although Plaintiff suggests that the record could support a different result, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). The Court therefore finds that substantial evidence supports the ALJ's findings regarding Plaintiff's RFC. Accordingly, the Court will affirm.